McMILLAN, Judge.
On September 28, 1992, the appellant pleaded guilty to four counts of possession of a forged instrument in the second degree. He was sentenced as a habitual offender to four concurrent terms of 15 years’ imprisonment and was ordered to pay a fine of $250, a victims’ compensation assessment of $50, and restitution on each conviction. On November 9, 1992, his trial counsel filed written notice of appeal and moved for reconsideration of sentence, reconsideration of denial of probation and appointment of an attorney on appeal. On November 10, the trial court denied the motions, noting that the “Defendant reserved no issues for appeal and has filed his notice of appeal frivolously.”
On March 2,1993, the appellant filed a pro se brief in which he raised the speedy trial issue and also asserted that he was improperly denied appellate counsel. The State has asked this Court to dismiss the appeal because, it says, he failed to timely file an appellate brief; the appellant’s brief was originally due on January 5, 1993 and the deadline was extended by order of this Court to February 12, 1993.
On August 8,1991, the appellant was found to be indigent and was appointed trial counsel. There is nothing in the record that indicates that this indigent status had changed when he appealed, nor is there any evidence that the appellant waived his right to appellate counsel or his right to appeal. Therefore, the trial court should have appointed an attorney to represent and assist him. Section 15 — 12—22(b), Code of Alabama 1975. See also Douglas v. California, 372 U.S. 353, 355, 83 S.Ct. 814, 815, 9 L.Ed.2d 811 (1963) (even where trial court has determined that no good whatever can be served by appointment of appellate counsel, denial of counsel is prohibited).
Therefore, this cause must be remanded to the trial court for the appointment of counsel to represent and assist the appellant in his appeal. The trial court is to appoint an attorney within 14 days of the date of this opinion, and the attorney’s brief on behalf of the appellant is to be served and filed with this Court within 28 days after the date of counsel’s appointment. The parties thereafter shall proceed according to Rule 31, A.R.App.P.
REMANDED WITH INSTRUCTIONS.
All Judges concur.