McMILLAN, Judge.
The appellant, Brian Leonard Smolder, was convicted of bringing stolen property into the state, a violation of § 13A-8-20, Code of Alabama 1975. He was sentenced to two years’ imprisonment, was ordered to pay restitution, was ordered to pay $50 to the crime victims’ compensation fund, and was assessed court costs. The appellant’s sentence was suspended and he was placed on three years’ supervised probation.
On November 2,1993, the appellant filed a notice of appeal. On November 22, 1993, appellant’s trial counsel was allowed to withdraw. In his motion to withdraw, trial counsel asserted that although he had been retained by the appellant to represent him at trial, the appellant was financially unable to retain him on appeal. He further stated that the appellant had indicated to him that he wished to have an attorney appointed to represent him on appeal. No appellate counsel was apparently appointed to represent the appellant.
There is nothing in the record indicating that the appellant affirmatively waived his right to appellate counsel. Therefore, based on the authority of Green v. State, 594 So.2d 730 (Ala.Cr.App.1992), this cause is remanded to the trial court with instructions to determine the indigency status of the appellant, and, if the court determines that he is *757 indigent, to appoint counsel to represent the appellant, unless the appellant on the record, makes a voluntary, knowing, and intelligent waiver of counsel or waives his right to appeal. The trial court shall make written findings and forward them to this court within 45 days from the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.