LONG, Judge.
Lawrence Alexander, Jr., the appellant, pleaded guilty to robbery in the second degree, a violation of § 13A-8-42, Code of Alabama 1975, and was sentenced to life imprisonment under the Habitual Felony Offender Act.
The brief Sled by the appellant in this Court contains a statement that it was prepared by Frank R. Walker, who is designated in the brief as the appellant’s “legal assistant.” Mr. Walker does not provide a mailing address and is apparently not an attorney. It is alleged in the brief that the appellant was improperly denied appellate counsel.
The record reflects that on January 26, 1993, the appellant was found to be indigent, and Michael C. Shores was appointed as his trial counsel. C.R. 15. However, on April 8, 1994, J. Scott Boudreaux filed an entry of appearance as the appellant’s attorney of record. C.R. 2, 27. The appellant pleaded guilty and was sentenced on December 13, 1994. C.R. 4. The appellant filed a pro se motion styled as a “motion to withdraw [the] guilty plea or in the alternative [to give] notice of appeal” on January 19, 1995. C.R. 7. The motion to withdraw the guilty plea was denied on February 23, 1995. C.R. 5. On March 7, 1995, Mr. Boudreaux was allowed to withdraw as the appellant’s attorney of record. C.R. 5. On March 14, 1995, the appellant filed a pro se motion styled as a “motion for appointment of eounsel/motion to proceed in forma pauperis” on appeal, to which was attached an affidavit of substantial *838 hardship. C.R. 32-36. On March 16, 1995, the trial court granted the motion to proceed in forma pauperis, but denied the motion for appointment of counsel. C.R. 5. The record on appeal was certified as complete on June 7, 1995. C.R. 38. The notice of appeal to this Court by the circuit court clerk indicates that the appellant is indigent. C.R. 6.
The record does not reflect whether the appellant’s attorney during the guilty plea proceedings, Mr. Boudreaux, was retained or appointed, and we are unable to discern whether the appellant’s financial condition changed after he was initially found indigent so that he was able to retain Mr. Boudreaux. From the record before us, we are also unable to determine with certainty whether the appellant had the financial resources to retain an attorney on appeal, although the fact that the trial court granted the appellant’s motion to proceed in forma pauperis would suggest that the appellant did not have the financial resources to retain an attorney. In Smolder v. State, 671 So.2d 756, 756 (Ala.Cr.App.1994), we remanded a case with similar facts for a determination of indigency: “[A]ppellant’s trial counsel was allowed to withdraw. In his motion to withdraw, trial counsel asserted that although he had been retained by the appellant to represent him at trial, the appellant was financially unable to retain him on appeal.”
In this case, although the trial court informed this Court on May 8, 1995, that the appellant had requested to represent himself on appeal, and that the trial court was allowing him to do so, the record does not affirmatively indicate that the appellant waived his right to appellate counsel. Therefore, as in Smolder,
“this cause is remanded to the trial court with instructions to determine the indigen-cy status of the appellant, and, if the court determines that he is indigent, to appoint counsel to represent the appellant, unless the appellant on the record, makes a voluntary, knowing, and intelligent waiver of counsel or waives his right to appeal.”
671 So.2d at 756-757. Cf. Morris v. State, 638 So.2d 16 (Ala.Cr.App.1993) (remanding for appointment of appellate counsel where the appellant asserted in a pro se brief that he had been improperly denied appellate counsel, the trial court denied the appellant’s motion for appointment of appellate counsel, nothing in the record indicated that the appellant’s status as an indigent had changed, and there was no evidence in the record that the appellant had waived his right to appellate counsel or his right to appeal). The trial court shall make written findings and forward them to this Court within 42 days from the release of this opinion.
REMANDED WITH INSTRUCTIONS 
All Judges concur.